**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-60214-CV-MIDDLEBROOKS

ALBERTO VERDERA MILIAN Filed by
Next Friend YENNIFER CRUZ MILIAN,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER,
*et al.*,

      Respondents.

                                   /

## ORDER TO SHOW CAUSE-28 U.S.C. § 2241

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus (DE 1) ("Petition") brought pursuant to 28 U.S.C. § 2241 by Next Friend Yennifer Cruz Milian ("Next Friend")[1] on behalf of Petitioner Alberto Verdera Milian ("Petitioner"), who is currently confined at the Broward Transitional Center ("Broward Center") in Pompano Beach, Florida. Simultaneously with the Filing of the Petition, Next Friend has filed an Emergency Motion for Temporary Restraining Order (DE 3), an Emergency Motion to Expedite Consideration (DE 4), and an Emergency Motion for Immediate Release (DE 5) (jointly, the "Motions")

---

[1] Pursuant to the Supreme Court's decision in *Whitmore*, 495 U.S. 149 (199), Next Friend has alleged standing to prosecute this habeas petition on behalf of Petitioner.  In the habeas corpus context, courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself.  *See Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992); *see also* 28 U.S.C. § 2242 ("Congress expressly codified this next friend standing in 1948 by allowing for application for a writ of habeas corpus 'by the person for whose relief it is intended or by someone acting on his behalf.").

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003).   Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment."   *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)).   Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted."   28 U.S.C. § 2243.   It is thereupon

**ORDERED AND ADJUDGED** as follows:

1.      Counsel for the Respondent shall **immediately** notify the Court of receipt of this Order of the name of the Assistant United States Attorney to whom the case is assigned.

2.      On or before **February 4, 2026**, Respondent shall file a memorandum of fact and law to show cause why this Petition should not be granted and shall file all necessary documents for the resolution of the Petition.   *See* 28 U.S.C. § 2243 (a response to the order to show cause "[s]hall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").   Respondent shall file the response and appendix simultaneously, but if unable to do so, then Respondent shall file a motion for extension of time, explaining in detail the need for the time extension.   Respondent *shall* also file a response to the Petitioner's pending Motions (DE 3; DE 4; DE 5).

3.      Counsel for Respondent is requested to caption the response as a "Response" and not a "Motion to Dismiss."   The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought.   Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received.

4.      **Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response.** *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[a]ll documents referenced in the State's [Respondent's] answer and filed with the Court . . . must be served on the habeas petitioner.").

5.      Petitioner may, but is not required to, file a reply within **three (3) days** of the date on which the Respondents' answer is docketed, which date is shown by the answer's certificate of service. The Court cautions Petitioner that he or she must take any potential mailing delays into consideration in determining when to submit the reply to prison officials for mailing. If the reply is not filed within **three (3) days** of the date of docketing of the Respondent's answer, the Court will deem the matter submitted and will not consider any untimely reply. *See* Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

6.      Petitioner's reply, if any, shall not exceed **ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

SIGNED in Chambers at West Palm Beach, Florida, this <u>29th</u> day of January, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Alberto Verdera Milian,** *Pro Se*
A# 240272113
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**Yennifer Cruz Milian,** *Next Friend*
11123 S.W. 167th Street
Miami, FL   33157

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**United States Immigration & Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov